UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTOINETTE SANCHEZ, Individually and
as Parent and Next Friend of Brandon M.
Sanchez, Kayla M. Martinez, and Michael
A. Martinez**,

       **Plaintiff,**

v.                                                                                           **CIV 08-720 WJ/DJS**

**UNITED STATES OF AMERICA,**

       **Defendant.**

## RECOMMENDATION

**THIS MATTER** comes before this Court upon the Plaintiff's Motion to Approve Settlement (Docket No. 25). The Court held a hearing on that motion on July 23, 2009.

This action is a suit pursuant to 28 U.S.C. §1346(b)(1), the Federal Tort Claims Act. Plaintiff Antoinette Sanchez was injured in an automobile collision between her vehicle and a vehicle driven by an employee of the Federal Aviation Administration which occurred in September, 2003. Plaintiff sought damages on behalf of her three minor children, Brandon M. Sanchez, Kayla M. Martinez, and Michael A. Martinez for loss of consortium during her medical treatment following the collision and damages on her own behalf for medical expenses, loss of wages, and pain and suffering.

The Court finds that the damages to the children were minor and that proving damages for

their loss of consortium claims would be difficult. That finding reflects the views of counsel for Plaintiff and Defendant as well as the Court. The settlement on the minor children's behalf is to be $10,000.00 each, the monies to be placed in a trust until each child reaches twenty-one years of age, whereupon they will receive four equal, annual payments. The sum total paid each child will range from near $15,000.00 to near $20,000.00. The annuities will be arranged for by Defendant and will be payable only to the children, with no restriction upon their disposition of the annuities when they, as adults, receive them. Further, the trusts will not be subject to early withdrawal of funds or of control by any parent or guardian. In light of the strength of their claims in this case and given that the children incurred no medical expenses as a result of the events leading to the suit and require no special education or other care this settlement and the above-described disposition of the funds is in the children's best interest.

The Court also finds that the contingent fee arrangement in this case, limited by statute to no more than 25% of the settlement, is reasonable. The settlement gained on the children's behalf, as well as on Plaintiff's behalf, justify the fees obtained by counsel, which fall under the prevailing rate in this area for the sort of work done. [1]

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement and enter an order approving the Motion (Docket No. 25) and dismissing this action.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that counsel waived the ten-day period for objections to these findings at the hearing on the motion to approve settlement.